IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| TROY A. VEASEY, | ) | |
| ADC # 77398 | ) | |
|    Petitioner, | ) | Case No. 5:12-CV-00214 SWW-JTK |
| | ) | |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|    Respondent. | | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before

>the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**Disposition**

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of Arkansas prisoner Troy Veasey for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2). Respondent has filed a response and an amended response contending that the Petition should be dismissed. (Doc. Nos. 6, 7).

Petitioner is currently serving a 420-month Arkansas Department of Correction after being found guilty of rape by a Pulaski County jury on September 30, 1981. *See Veasey v. State*, 276 Ark. 457, 637 S.W.2d 545 (1982). This is Petitioner's fifth habeas petition[1] since that time. His previous (fourth) petition was filed on September 8, 2011, and it challenged the Arkansas Sex Offender Registration Act of 1997. *See Veasey v. Hobbs*, Case No. 5:11CV00200 SWW/BD (E.D. Ark. Sept. 8, 2011). His current petition challenges an August 25, 2010 deprivation of good-time credits and an October 15, 2010 recalculation of his release date.

---

[1] Petitioner filed his first petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on September 25, 1984. *See Veasey v. Lockhart*, Case No. PB-C-84-446 (E.D. Ark. Sept. 25, 1984). Petitioner filed a second petition for habeas corpus on August 6, 1985. *See Veasey v. Lockhart*, Case No. PB-C-85-386 (E.D. Ark. Aug. 6, 1985). His third petition was filed on December 29, 1986. *See Veasey v. Lockhart*, Case No. PB-C-86-729 (E.D. Ark. Dec. 29, 1986).

On the same day that Petitioner filed the present habeas petition, he also filed a motion with the Eighth Circuit requesting permission to proceed with a successive petition. The claims described in that motion were identical to the ones contained in the petition before the Court now. The Eighth Circuit denied his motion on July 6, 2012. Absent permission from the Eighth Circuit, this Court lacks jurisdiction to hear his petition, so his action must be dismissed.[2] *See generally Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam).

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 be, and it is hereby, dismissed, without prejudice. The relief prayed for is DENIED.

SO ORDERED this 23rd day of August, 2013.

_____
United States Magistrate Judge

---

[2] The Court notes that, even if it did have jurisdiction, Petitioner's claims would not succeed because they are time barred, unexhausted, and without merit.